# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANTONIA DIAZ,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>NATIONSTAR MORTGAGE LLC; and CLEAR RECON CORP.,<br><br>　　　　　　　　　Defendants. | Case No.: 17cv1607-MMA (BGS)<br><br>**ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS; AND**<br><br>[Doc. No. 4]<br><br>**GRANTING IN PART AND DENYING AS MOOT IN PART DEFENDANT NATIONSTAR MORTGAGE LLC'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Doc. No. 4-4] |

　　　　Plaintiff Maria Diaz ("Plaintiff") filed a Complaint against Defendants Nationstar Mortgage LLC ("Nationstar") and Clear Recon Corp. in the Superior Court for the County of San Diego alleging five causes of action for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6); (2) violations of §§ 1692 *et seq.* of the FDCPA; (3) violations of California Civil Code § 2934(a)(1)(A); (4) cancellation of instruments; and (5) violations of California's Unfair Competition Law ("UCL"). *See* Doc. No. 1-2 (hereinafter "Complaint"). On August 9, 2017, Defendants removed the action to this Court. *See* Doc. No. 1. Nationstar moves to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). Doc. No. 4. Plaintiff filed an opposition to Nationstar's motion, to which Nationstar replied. *See* Doc. Nos. 5, 7. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 9. For the reasons set forth below, the Court **GRANTS** Nationstar's motion to dismiss.

## BACKGROUND[1]

On June 30, 2003, Plaintiff obtained a loan from Home Equity Mortgage in the amount of two hundred seventy-six thousand and five hundred dollars ($276,500.00) to purchase the real property located at 1010 Beechglen Dr., Chula Vista, California, 91910. Complaint at 2, 15.[2] The loan was secured by a deed of trust. Complaint at 15; Doc. No. 12 at 43. Home Equity Mortgage recorded the Deed of Trust and Promissory Note with the San Diego Recorder's office. Complaint at 15. In May 2010, Plaintiff fell behind on her payments. Complaint at 16. In May 2011, former servicer, Bank of America, executed and recorded a Notice of Default on Plaintiff's property. Complaint at 17; Doc. No. 12 at 66.

In July 2011, Mortgage Electronic Registration Systems, Inc. executed a Corporation Assignment of Deed of Trust assigning all beneficial interest to The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., The Alternative Loan Trust 2003-20CB Mortgage Pass-Through Certificates, Series 2003-51 ("BONY as Trustee of the 2003-20CB Trust"). Complaint at 17; Doc. No. 12 at 70. Plaintiff alleges the Corporation Assignment of Deed of Trust "conveyed no interest to the alleged debt because it was executed by one without authority," "executed outside of the four corners of the agreement that governs the 2003-

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] All citations refer to the pagination assigned by the CM/ECF system.

20CB Trust," and "assigned when the debt was in default." Complaint at 17. On March 21, 2013, Plaintiff filed for Chapter 7 bankruptcy. *See* Doc. No. 4-1 (hereinafter "RJN"), Exh. 10. The Bankruptcy Court discharged Plaintiff's debt on June 26, 2013. RJN, Exh. 12.

In May 2015, another Assignment of Deed of Trust assigned all beneficial interest to BONY as Trustee of the 2003-20CB Trust. Complaint at 17; Doc. No. 12 at 71. As with the first Corporation Assignment of Deed of Trust, Plaintiff alleges the assignment "did not convey any interest to BONY as Trustee of the 2003-20CB Trust because it was executed by one without authority, executed outside of the four corners of the agreement that governs the 2003-20CB Trust, and assigned when the debt was in default." Complaint at 17.

In December 2016, Defendant Clear Recon Corp. executed and recorded a Notice of Default on Plaintiff's property. Complaint at 18; Doc. No. 12 at 73. Plaintiff alleges Clear Recon Corp. is not "either the original trustee, duly appointed substituted trustee[,] or agent of the holder of the beneficial interest under" the 2003 Deed of Trust. Complaint at 18.

In April 2017, Clear Recon Corp. recorded a Notice of Trustee's Sale. Complaint at 19; Doc. No. 12 at 78. On June 7, 2017, Plaintiff was notified that the debt ownership was transferred to NRZ Pass-Through Trust IV c/o Citibank. Complaint at 18; Doc. No 12 at 77. In May 2017, Specialized Loan Servicing, LLC, who acquired the debt, informed Plaintiff that it would transfer the debt servicing to Nationstar. Complaint at 16. On June 27, 2017, Nationstar notified Plaintiff that it acquired the servicing of Plaintiff's debt effective June 16, 2017. Complaint at 16; Doc. No 12 at 61. On July 14, 2017, Plaintiff filed for Chapter 13 bankruptcy. RJN, Exh. 13. The Bankruptcy Court dismissed the case without prejudice on July 31, 2017. RJN, Exh. 14.

Plaintiff alleges that Nationstar now attempts to proceed with a non-judicial foreclosure, prohibited by the FDCPA. Complaint at 13, 16. Additionally, "since acquiring the servicing of the alleged debt," Nationstar "has been harassing Plaintiff by

attempting to collect a debt" and "engag[ing] in other unlawful collection practices[.]" Complaint at 16, 22.

Based upon these allegations, Plaintiff commenced the instant action against Defendants on July 21, 2017 alleging: (1) violations of Section 1692f(6) of the FDCPA; (2) violations of Sections 1692 *et seq.* of the FDCPA; (3) violations of California Civil Code § 2934a(1)(A); (4) cancellation of instruments; and (5) violations of the UCL. *See* Complaint at 20–29.

## LEGAL STANDARDS

### A. Request for Judicial Notice

Generally, a district court's review on a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mack v. South Bay Beer Distributors,* 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956)).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee*, 250 F.3d at 688. "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

/ / /

/ / /

# DISCUSSION

**A.     Nationstar's Request for Judicial Notice**

Nationstar requests the Court take judicial notice of various documents in support of its motion to dismiss. *See* RJN. Plaintiff filed an opposition to Nationstar's request for judicial notice, arguing that the "proffered documents are disputed and constitute[] inadmissible hearsay." Doc. No. 6 at 3. Specifically, Nationstar requests the Court take judicial notice of the following fourteen (14) documents:

1. Exhibit 1 – Deed of Trust, recorded on July 7, 2003;
2. Exhibit 2 – Assignment of Deed of Trust, recorded on October 20, 2003;
3. Exhibit 3 – Notice of Default and Election to Sell Under Deed of Trust, recorded on May 23, 2011;
4. Exhibit 4 – Substitution of Trustee, recorded on July 5, 2011;
5. Exhibit 5 – Corporation of Assignment of Deed of Trust, recorded on July 5, 2011;
6. Exhibit 6 – Assignment of Deed of Trust, recorded on April 25, 2016;
7. Exhibit 7 – Substitution of Trustee, recorded on May 18, 2916;
8. Exhibit 8 – Notice of Default, recorded on December 19, 2016;
9. Exhibit 9 – Notice of Trustee's Sale, recorded on April 20, 2017;
10. Exhibit 10 – Chapter 7 Voluntary Petition, filed on March 21, 2013 in the matter of Maria Antonia Diaz, Case No. 13-02835-CL7;
11. Exhibit 11 – Amendment to Schedule C of Chapter 7 Voluntary Petition, filed on April 24, 2013 in the matter of Maria Antonia Diaz, Case No. 13-02835-CL7;
12. Exhibit 12 – Discharge of Debtor, filed on June 26, 2013 in the matter of Maria Antonia Diaz, Case No. 13-02835-CL7;
13. Exhibit 13 – Chapter 13 Voluntary Petition filed on July 14, 2017 in the matter of Maria Antonia Diaz, Case No. 17-04228-CL13; and
14. Exhibit 14 – Order Dismissing Chapter 13 Case Without Prejudice, filed on

July 31, 2017 in the matter of Maria Antonia Diaz, Case No. 17-04228-CL13.

With respect to Exhibits 1, 3, 5, 6, 8 and 9, the Court notes that Plaintiff attaches these documents as exhibits to her Complaint. *See* Complaint at 15–19; Doc. No. 12 at 43-80. Thus, these documents are already "part of the pleading for all purposes," and the Court does not need to take further judicial notice of them. Fed. R. Civ. P. 10(c); *Lee*, 250 F.3d at 688. Therefore, the Court **DENIES AS MOOT** Nationstar's request for judicial notice with respect to Exhibits 1, 3, 5, 6, 8, and 9.

With respect to the remaining exhibits, the Court finds that all are public records which are properly the subject of judicial notice. Specifically, Exhibits 2, 4, and 7 have been recorded in San Diego County Recorder's Office; thus, these exhibits are a matter of public record. *See* Fed. R. Evid. 201(b). Moreover, Exhibits 10-14 are similarly a matter of public record, as "a paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) (quoting 11 U.S.C. § 107(a)); *see also Swartz*, 2015 WL 846789, at *3 (taking judicial notice of a voluntary petition filed in bankruptcy court). Plaintiff's authenticity argument is unavailing. *See Arias v. Select Portfolio Servicing, Inc.*, No. 1:17-CV-01130-DAD-SAB, 2017 WL 6447890, at *3 (E.D. Cal. Dec. 18, 2017) (finding records from the Fresno County Reporter can be accurately determined and not reasonably questionable). Further, Plaintiff's hearsay argument similarly fails, as public records satisfy the hearsay exception set forth in Federal Rule of Evidence 803(6). Accordingly, the Court **GRANTS** Nationstar's request for judicial notice as to Exhibits 2, 4, 7, and 10–14.

**B.    Nationstar's Motion to Dismiss**

In its motion, Nationstar argues that the Court should dismiss Plaintiff's Complaint because Plaintiff is judicially estopped from asserting her claims against Nationstar. *See* Doc. No. 4 at 10. Additionally, Nationstar contends each of Plaintiff's five causes of

action are insufficiently pleaded.[3] *See id.* at 11–17. The Court addresses Nationstar's arguments in turn.

1.  **Judicial Estoppel**

As a threshold matter, Nationstar argues that Plaintiff lacks standing to "prosecute any of her claims against Nationstar" in light of her two bankruptcies. Doc. No. 4 at 10. In its reply brief, Nationstar clarifies this argument, indicating that Plaintiff is "judicially estopped" from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Doc. No. 7 at 2–3.

Judicial estoppel is an equitable doctrine invoked at the court's discretion that precludes a party from asserting one position and then later seeking an advantage by taking an inconsistent position. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel is also invoked because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Hamilton*, 270 F.3d at 782 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)). In the bankruptcy context, a court will judicially estop a party from bringing a cause of action "not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" during a bankruptcy proceeding. *Id.* at 783. Courts may examine three factors in determining whether to apply the doctrine of judicial estoppel: "(1) whether the party's later position was inconsistent with its initial position; (2) whether the party

---

[3] It is unclear whether Plaintiff attempts to assert a claim pursuant to California Commercial Code § 3118. *See* Complaint at 19. However, "[t]he California Commercial Code is not applicable to the foreclosure proceedings here, because California Civil Code § 2924 *et seq.* provides the exhaustive statutory framework for non-judicial foreclosure." *Arias*, 2017 WL 6447890, at *5. Thus, any claim under § 3118 is improper and fails on the merits. *See id.* (dismissing § 3118 claim with prejudice). Further, the Court declines to consider Plaintiff's California Home Owner Bill of Rights claim first asserted in her Opposition to the Motion to Dismiss, Doc. No. 5 at 15–16, because the Court's "[r]eview is limited to the complaint." *Cervantes*, 5 F.3d at 1274.

successfully persuaded the court to accept its earlier position; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on opposing party if not estopped from asserting the inconsistent position." *In re Stroh*, 34 F. App'x 562, 564–65 (9th Cir. 2002); *see also New Hampshire*, 532 U.S. at 750-51. *But see Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013) (noting that because judicial estoppel is an equitable doctrine applied at the court's discretion, a court applies it on a case-by-case basis and is not bound to use it).

Here, the Court finds that Nationstar submits insufficient information to satisfy the three factors favoring application of the doctrine of judicial estoppel. Regarding Plaintiff's 2013 bankruptcy, the Court is mindful that Plaintiff's bankruptcy schedules and disclosure statements do not mention any causes of action as potential assets. *See* RJN Exh. 10. However, because Nationstar acquired the servicing of Plaintiff's debt on June 16, 2017, and Plaintiff's Complaint alleges wrongdoing *after* Nationstar acquired the servicing of Plaintiff's debt, Plaintiff could not have asserted a cause of action against Nationstar in 2013. Thus, the 2013 bankruptcy cannot form the basis for invoking judicial estoppel. *Cf. Sharp v. Nationstar Mortg., LLC*, 14-cv-831-LHK, 2015 WL 106844, at *5 (N.D. Cal. Jan. 7, 2015) ("Despite being on notice of the existence of facts that purportedly support a cause of action against Defendants, none of Plaintiffs' four bankruptcy petitions, all of which were filed after March 2013, disclosed any claims against Nationstar or Aurora.").

With respect to the 2017 bankruptcy, the Court finds that Nationstar provides insufficient information to show that Plaintiff's current position is inconsistent with her initial position during the bankruptcy proceeding. *See New Hampshire*, 532 U.S. at 749. Importantly, Nationstar attaches two documents from the 2017 bankruptcy proceeding. *See* RNJ Exhs. 13-14. These documents do not include debt schedules or disclosure statements; rather, the documents only include a *pro se* bankruptcy petition and the Bankruptcy Court's order dismissing the case without prejudice. *See id.* Unlike *Hamilton*, where Hamilton's bankruptcy schedules listed losses against his estate—but

not possible claims against the defendant—and then sued the defendant after the bankruptcy court discharged Hamilton's debts, *Hamilton*, 270 F.3d at 781, Nationstar has not provided the Court with Plaintiff's bankruptcy schedules. Without evidence establishing Plaintiff's liabilities and assets during the bankruptcy proceeding, the Court cannot determine whether Plaintiff is currently taking an inconsistent position from her 2017 bankruptcy proceeding.

In sum, the Court finds that Nationstar submits insufficient information to support its contention that Plaintiff is judicially estopped from bringing her claims against it. Accordingly, the Court proceeds to address Nationstar's remaining arguments with respect to each of Plaintiff's five causes of action.

### 2. **FDCPA - 15 U.S.C. § 1692, *et seq.*[4]**

Plaintiff's second cause of action is brought under the FDCPA, 15 U.S.C. § 1692, *et seq*. Complaint at 21. Plaintiff summarily contends that Nationstar does not "have any legal right or authority to collect or attempt to collect any payments or have a right to proceed with a non-judicial foreclosure on Plaintiff's property." *Id.* at 19. Nationstar seeks to dismiss this cause of action on the grounds that: (a) it is not a debt collector, and (b) a non-judicial foreclosure is not a "debt" subject to the FDCPA. Doc. No. 4 at 12.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Thus, to establish a claim under the FDCPA, "a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (*quoting Ines v. Countrywide Home Loans, Inc.*, No. 08CV1267-WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)). A "debt collector" is (1) "any person . . . in any business the *principal purpose* of which is the collection of any debts" or (2) "any person . . . who

---

[4] Nationstar argues for the first time in its reply brief that Plaintiff's FDCPA claims are barred by the statute of limitations. Doc. No. 7 at 5. The Court declines to consider this argument, as courts generally do not consider arguments raised for the first time in a reply brief. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992).

*regularly collects* or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). A "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction. 15 U.S.C. § 1692a(5).

Here, the Court finds that Plaintiff fails to allege sufficient facts to show that Nationstar is a debt collector. With respect to the "regularly collects" prong, the Supreme Court recently indicated that courts must assess "whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017). Plaintiff asserts that Nationstar is a debt collector because it acquired the debt servicing after it was in default. Complaint at 21; Doc. No. 5 at 10–11. However, Plaintiff fails to consider the Supreme Court's recent ruling in *Henson*. *See* 137 S. Ct. at 1724. Regardless of whether the debt was in default at the time Nationstar became the new servicer, the "regularly collects" prong examines whether Nationstar collected the debt for its own accounts or whether Nationstar collected the debts "for another." *Id.* at 1721, 1724. Plaintiff fails to allege facts to support her argument that Nationstar attempted to collect the debt for another. While Plaintiff contends that "NATIONSTAR is a mortgage servicing entity whose primary business is collecting debts owed or due another and enforcing security interests," Complaint at 10, Plaintiff appears to conflate both prongs of the debt collector definition and attempts to rely upon conclusory boilerplate language. As such, Plaintiff's allegations are insufficient to establish Nationstar meets the requirements for the "regularly collects" prong.

Additionally, with respect to the "principal purpose" prong, Plaintiff fails to allege sufficient facts to demonstrate that Nationstar's "principal purpose" is debt collection. Again, Plaintiff does not explain that Nationstar's primary purpose is debt collection beyond conclusory language such as "NATIONSTAR is a mortgage servicing entity whose primary business is collecting debts owed or due another and enforcing security interests." Complaint at 10. Without further non-conclusory, factual detail that shows

Nationstar's principal purpose is debt collection, Plaintiff fails to plead sufficient facts to show Nationstar falls within the "principal purpose" prong of the debt collector definition. *See Swango, v. Nationstar Mortg.*, LLC, No. 3:17-CV-01338-MO, 2018 WL 709959, at *9 (D. Or. Feb. 5, 2018).

Lastly, even if Plaintiff had pleaded sufficient facts to show that Nationstar is a debt collector, Plaintiff's § 1692, *et seq.* cause of action fails because the Ninth Circuit had held that the FDCPA only regulates money debts—not security interests such as a non-judicial foreclosure. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017). Specifically, the Ninth Circuit found that a non-judicial foreclosure aims to "retake and sell security, not to collect money." *Id.*; *see also Ho v. ReconTrust Co.*, 858 F.3d 568, 571 (9th Cir. 2017); *Arias*, 2017 WL 6447890, at *3; *Dejong v. Nationstar Mortg. LLC*, No. 17-CV-03653-YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017). The Court notes that Plaintiff cites to *Dowers* in arguing that "a foreclosure action is within the definition of the FDCPA." Doc. No. 5 at 12. Plaintiff, however, misreads *Dowers*. The Ninth Circuit held that *only* Section 1692f(6) "regulates more than just the collection of a money debt," not any other section of the FDCPA. *Dowers*, 852 F.3d at 971; *Arias*, 2017 WL 6447890, at *3. As such, Plaintiff's § 1692 *et seq.* claim fails.

Accordingly, the Court **DISMISSES** Plaintiff's second cause of action **with prejudice.** *See Dowers*, 852 F.3d at 970; *Arias*, 2017 WL 6447890, at *5 (dismissing the plaintiff's § 1692, *et seq.* cause of action with prejudice in light of the "binding Ninth Circuit authority.").

### 3. FDCPA – 15 U.S.C. § 1692f(6)

In her first cause of action, Plaintiff contends that Nationstar violated 15 U.S.C § 1692f(6) of the FDCPA "by threatening to proceed with a non-judicial foreclosure action on Plaintiff's Property when they have no present right to possession of the Property claimed as collateral through an enforceable security interest and there is no present intention to take possession of the property." Complaint at 21. Moreover, Plaintiff alleges that Nationstar's conduct is "oppressive, fraudulent, and malicious[.]" *Id.*

Nationstar argues that Plaintiff's § 1692f(6) claim against it fails because Nationstar: (a) is not a debt collector, and (b) a foreclosure is not actionable under the FDCPA. Doc. No. 4 at 12.

In addition to the "expansive definition" of "debt collector in Section 1692(a)(6), Section 1692f(6) provides a narrower definition. "Debt collector" "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests," which includes foreclosures. 15 U.S.C § 1692a(6); *see also Dowers*, 852 F.3d at 971; *Ho*, 858 F.3d at 573. Section 1692f(6) bars a debt collector from "[t]aking or threatening to take any non[-]judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

Here, as with Plaintiff's other FDCPA claim, Plaintiff fails to allege sufficient facts to show that Nationstar is a debt collector. While Section 1692f(6) includes non-judicial foreclosure actions, Plaintiff must first assert that Nationstar is a "debt collector." Plaintiff's allegations are insufficient to show that Nationstar's principal purpose is security interest enforcement. As discussed in the previous section, Plaintiff does not explain how Nationstar's primary purpose is security interest enforcement beyond the boilerplate allegation that "NATIONSTAR is a mortgage servicing entity whose primary business is collecting debts owed or due another and enforcing security interests." Complaint at 10.

Further, even if Plaintiff had alleged sufficiently that Nationstar is a debt collector, Plaintiff's allegations in support of her Section 1692f(6) cause of action are "wholly conclusory." *Arias*, 2017 WL 6447890, at *7. Plaintiff summarily states that she "has been damaged" by Nationstar's "wrongful conduct and blatant disregard for the law[.]" Complaint at 21. Yet she fails to provide factual allegations indicating that Nationstar

lacks the right to possess the property. Moreover, Plaintiff fails to allege facts explaining how Nationstar's conduct is oppressive, fraudulent, or malicious. As such, Plaintiff's allegations are insufficient to state a claim pursuant to 15 U.S.C. § 1692f(6). *See Arias*, 2017 WL 6447890, at *7.

Accordingly, the Court **DISMISSES** Plaintiff's § 1692f(6) claim without prejudice and with leave to amend.

### 4. California Civil Code § 2934a(1)(A)[5]

In her third cause of action, Plaintiff alleges that the non-judicial foreclosure proceedings are illegal because a Substitution of Trustee has not been recorded, and only the beneficiary can substitute a trustee under a Deed of Trust. Complaint at 25. Nationstar argues that Plaintiff's § 2934a claim fails because "Plaintiff[] . . . overlook[s] the Substitutions of Trustee that were recorded on July 5, 2011 and May 18, 2016. Doc. No. 4 at 13; *see* RJN Exhs. 4, 7.

Section 2934a provides that the trustee under a deed of trust "may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the deed of trust of their successors in interest[.]" Cal. Civ. Code § 2934a(1)(A).

Here, the Court finds that Plaintiff's § 2934a claim fails because contrary to Plaintiff's claim that a Substitution of Trustee was never executed or recorded, Exhibits 4 and 7 attached to Nationstar's request for judicial notice reveal that Substitutions of Trustee were recorded in 2011 and 2016. RJN Exhs. 4, 7. Additionally, Plaintiff does not oppose Nationstar's motion to dismiss her § 2934a claim. As such, dismissal is also appropriate on the grounds that Nationstar's motion to dismiss this claim is unopposed.

---

[5] The Court is mindful that Plaintiff's Complaint and Opposition refer to this cause of action as arising under "15 U.S.C. §2934(a)(1)(A)." Complaint at 25. As 15 U.S.C. § 2934 refers to the National Global Change Research Plan, the Court presumes Plaintiff intends to assert a cause of action pursuant to California Civil Code § 2934a(1)(A).

*See Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1156 (S.D. Cal. 2015) (granting the defendant's motion to dismiss two causes of action as unopposed); *Campillo v. Dovenmuehle Mortg., Inc.*, 2015 WL 13425122, at *6 (C.D. Cal. Jan. 20, 2015) (noting that the plaintiff did not oppose the defendant's motion as to his breach of contract claim; thus, the court granted the defendant's motion "both on the merits and as unopposed.").

Accordingly, the Court **DISMISSES** Plaintiff's § 2934a(1)(A) claim without prejudice and with leave to amend.

### 5. Cancellation of Instruments

In her fourth cause of action, Plaintiff requests that the Court cancel the Deed of Trust and other related foreclosure documents. *See* Complaint at 26–27. Plaintiff "has a reasonable apprehension that the wrongful, illegal, and false instruments created, published, and recorded by the Defendants herein, if left outstanding, may continue to cause serious injury to Plaintiff." *Id.* at 26. Nationstar argues that Plaintiff fails to allege "any facts constituting the invalidity of the instruments." Doc. No. 4 at 13.

California Civil Code § 3412 provides for the cancellation of a written instrument if "a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412; *see also Arias*, 2017 WL 6447890, at *7. To survive a motion to dismiss, a "plaintiff must provide facts, 'not mere conclusions, showing the apparent invalidity of the instrument designated, and point out the reason for asserting that it is actually invalid.'" *Hinrichsen v. Bank of Am., N.A.*, No. 17-CV-0219 DMS (RBB), 2017 WL 2992662, at *5 (S.D. Cal. July 14, 2017) (quoting *Ephraim v. Metro. Tr. Co. of Cal.*, 28 Cal. 2d 824, 933–34 (1946)). Further, when a plaintiff does not provide another claim for relief, "she necessarily fails to assert a claim for cancellation of instruments as well." *Arias*, 2017 WL 6447890, at *7; *see also Lawson v. CitiCorp Tr. Bank, FSB*, No. 2:11-CV-01163 KJM, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) ("[C]ancellation of an instrument is an equitable remedy and not an independent basis for liability.").

1    Here, the Court finds that Plaintiff fails to allege facts illustrating why the written
2    instruments in question are "wrongful, illegal, and false[.]" Complaint at 26. While
3    Plaintiff claims that the foreclosure documents "appear on their face to be invalid," Doc.
4    No. 1-2 at 26, Plaintiff does not allege any facts "showing the apparent invalidity" or
5    otherwise explain why the instrument is invalid. *Hinrichsen*, 2017 WL 2992662, at *5.
6    Moreover, even if Plaintiff had pleaded sufficient facts to support a cancellation of
7    instruments claim, Plaintiff's cause of action still fails because cancellation of
8    instruments is not a cause of action but rather a remedy that requires a successful cause of
9    action in order to be invoked. *Arias*, 2017 WL 6447890, at *7; *Lawson*, 2011 WL
10   3439223, at *7. Because Plaintiff presents no other viable claims for relief, Plaintiff's
11   claim for cancellation of instruments necessarily fails as well.

Accordingly, the Court **DISMISSES** Plaintiff's cancellation of instruments claim without prejudice and with leave to amend.

**6.    UCL**

Lastly, in her fifth cause of action, Plaintiff alleges Nationstar violated the UCL by engaging in "deceptive business practices with respect to mortgage loan servicing, assignment of notes and deeds of trust[.]" Complaint at 27. Plaintiff includes a lengthy list of alleged violations including "assessing improper or excessive fees," "acting as beneficiaries and trustees without legal authority to do so," and recording false documents. *Id.* at 27-28. Nationstar argues that Plaintiff's "generalized claims fail and do not put Nationstar on notice of its alleged wrongdoing that purportedly damaged Plaintiff." Doc. No. 4 at 16.

California Business & Professions Code § 17200 "establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations omitted). "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). An action brought under the

"unlawful" prong of this statute "borrows" violations of other laws when committed pursuant to business activity. *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992). "Unfair" conduct must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n,* 106 Cal. Rptr. 46, 53 (Ct. App. 2010); *see also Cel-Tech*, 20 Cal. 4th at 186–87 (requiring finding of unfairness under UCL be tethered to legislatively declared policy). Lastly, under the fraudulent prong, a plaintiff must "show deception to some members of the public . . . [or] allege that members of the public are likely to be deceived." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1207 (E.D. Cal. 2013) (internal quotations and citations omitted). Fraudulent conduct must be pled with particularity. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (noting that Rule 9(b) applies to claims in federal court under the UCL).

Here, it is unclear which prong(s) of the UCL Plaintiff relies upon in asserting this cause of action. Regardless, Plaintiff's UCL claim fails under all three prongs. As a preliminary matter, the Court finds that Plaintiff fails to sufficiently allege that she has standing to bring a claim under the UCL. In order to assert a claim under the UCL, a plaintiff must suffer "an injury in fact and lost money or property as a result" of the alleged unlawful, unfair, or fraudulent conduct. *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-1390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28 2011). Plaintiff merely claims that Nationstar's practices has "caused substantial harm" to her. Complaint at 29. Such an allegation is insufficient to satisfy the UCL's standing requirement.

Additionally, with respect to any alleged claim sounding in fraud, the Court finds that Plaintiff fails to plead sufficient facts to meet her burden under Rule 9(b). *See* Fed. R. Civ. P. 9(b). Plaintiff's allegations lack any specificity surrounding "the who, what, when, where, and how" of her conclusory fraud allegations. *Kearns*, 567 F.3d at 1124. Without more, a UCL claim sounding in fraud necessarily fails. Further, to the extent Plaintiff's UCL cause of action is premised upon the "unlawful" or "unfair" prongs of the UCL, the Court finds that Plaintiff's allegations fall short of stating a claim. Beyond

conclusory statements and allegations, Plaintiff does not allege any facts to support an inference that Nationstar's conduct constitutes "unlawful" or "unfair" practices under the UCL. As such, Plaintiff's UCL claim fails. *See Arias*, 2017 WL 6447890, at *8.

Accordingly, the Court **DISMISSES** Plaintiff's UCL claim without prejudice and with leave to amend.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Nationstar's motion to dismiss. Plaintiff must file an amended complaint that cures the deficiencies identified herein with respect to her first, third, fourth, and fifth causes of action on or before **March 16, 2018**. The Court dismisses Plaintiff's second cause of action with prejudice because leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**IT IS SO ORDERED.**

Dated: February 27, 2018

HON. MICHAEL M. ANELLO
United States District Judge